Foster, P. J.
This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. The latter overruled the commissioner and the referee, and held that the employer was not liable for contributions under the Unemployment Insurance Law (Labor Law, art. 18) prior to 1946.
The facts are these. The employer operated a nonunion cleaning and custom tailor shop in the city of New York. The materials for vests and trousers of his custom-made suits were cut in his shop but sent under contract for sewing to other tailor shops. Two of the contractors to whom the employer thus sent work maintained union shops, and were members of an association known as the United Custom Tailors Contractors Association. Before they could perform work for other tailors they had to receive the approval of the Amalgamated Clothing Workers, a labor union said to control the men’s garment industry in New York.
*429 The Industrial Commissioner determined that the employees of the contractors who sewed the vests and trousers sent by the employer herein to the contractors were, as a matter of law, employees of the employer insofar as they performed any work upon such garments. The referee modified the decision of the commissioner with respect to time, but did not disturb the principle of liability as a matter of law.
The statute (Unemployment Insurance Law; Labor Law, art. 18) provides:
11 § 560. Terms of Coverage. 1. Liability. Any employer shall become liable for contributions under this article if he employs in all of his several places of employment in the state four or more persons in employment on fifteen or more days in any calendar year * * *.
“ 3. Independent enterprises. In determining whether an employer is liable for contributions and for what contributions he is liable under this article, each employer shall, whenever he contracts with any person for any work which is part of such employer’s usual trade, occupation, profession, or enterprise, be deemed to employ all employees employed by such person for such work, and he alone shall be liable for the contributions hereunder with respect to wages paid to such employees for such work, unless such person performs work or is in fact available to perform work for anyone who may wish to contract with him and is also found to be engaged in an independently established trade, business, profession or enterprise.”
The issue is whether because of the union regulation mentioned the contractors involved herein were not available to perform work for anyone who might wish to contract with them within the meaning of the statute. That each operated an independently established business is undisputed. The record discloses that these contractors performed similar services for other employers. Under these circumstances the board held that the employer was not liable for contributions under the section quoted. We think the board’s decision was correct as a matter of law. In our opinion it was not the intent of the Legislature to make the test of availability of an independently conducted business dependent upon some union regulation.
The decision should be affirmed, without costs.
Brewster, Beto, Bergan and Coon, JJ., concur.
Decision affirmed, without costs.